IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN SUTTON and GAIL SUTTON,
individually and as parents and
natural guardians on behalf of their
daughter DANIELLE SUTTON, a minor

    CIVIL ACTION
    03-CV-3061

   Plaintiffs,

    HONORABLE JOHN R. PADOVA

Vs.

WEST CHESTER AREA SCHOOL DISTRICT,
LEE MCFADDEN, WILLIAM DUFFY, ALAN
ELKO, and  KAREN SMITH,

   Defendants.
_____/

**AMENDED COMPLAINT**

   1.   Plaintiffs John Sutton and Gail Sutton are residents of the state of New York and their address is: 2009 Park Street, P.O. Box 201, Atlantic Beach, NY 11509 but for some times relevant to this action, Plaintiffs resided in the state of Pennsylvania. Plaintiffs are adult American Citizens.

   2.   Plaintiffs John Sutton and Gail Sutton are the parents and natural guardians of their minor daughter, Danielle Sutton, who resides at: 2009 Park Street, P.O. Box 201, Atlantic Beach, New York  11509. Plaintiffs John

Sutton and Gail Sutton are bringing this complaint on behalf of their minor daughter.

3. At all times relevant to this action, Defendant Alan Elko was the Superintendent of the West Chester Area School District which is located at 829 Paoli Pike, West Chester, PA 19380 and he is a decision maker and policy maker.

4. At all times relevant to this action, Defendant Lee McFadden, was the Principal of East High School, 450 Ellis Lane, West Chester, PA and a policy maker and decision maker.

5. At all times relevant to this action, Defendant William Duffy, was the coordinator of 504 Service Plans and a policy maker and decision maker located at: 829 Paoli Pike, West Chester, PA.

6. At all times relevant to this action, Karen Smith was the high school nurse at East High School and a decision maker located at: East High School, 450 Ellis Lane, West Chester, PA.

7. Plaintiffs allege on information and belief, that at all times relevant to this action, the Defendants were citizens and residents of Pennsylvania and resided within the judicial district in which this action has been brought.

8. Defendant West Chester Area School District is a local governmental Agency located at: 829 Paoli Pike, West Chester, PA 19380.

9. Jurisdiction is proper in this Court under: Section 504 of the Rehabiliation Act, 29 U.S.C. Section 794, and Americans with Disabilities Act,

Family Privacy Act , 42 U.S.C. Section 1983 and Civil Rights Act and Fundamental

Rights under the United States Constitution and the 14th Amendment

of the United States and 42 U.S.C. Section 1985.

    10. Venue is proper as to all counts since the action initially arose in this judicial district and all the defendants are, plaintiffs believe, residents of this judicial district.

## BACKGROUND

    11. Plaintiffs incorporate paragraphs 1 – 10 by reference herein.

    12. Plaintiffs' daughter, Danielle Sutton, was a 9th grade student at East High School in West Chester, PA from September 2000 through March 27th, 2001 and a home schooler in the district through approximately January 2002 and/or longer.

    13. At all times relevant to this action, Defendants were aware that Plaintiffs John and Gail Sutton and their daughter, Danielle Sutton, were hypersensitive to pesticides and outspoken in the newspaper and at school board meetings about their opposition to pesticides and cosmetic lawn pesticides. Defendants knew that all the Plaintiffs had been previously poisoned by pesticides.

    14. A pesticide poisoning is the result of being made sick from exposure to pesticides. Residues and exposure to pesticides pose an *unacceptable*

*chronic risk* to children.

15. Defendants used non toxic and safe lawn care until approximately March 2000, when it reverted back to the use of toxic, dangerous pesticides at all its schools, including elementary schools.

16. Following the district's return to toxic, poisonous cosmetic lawn turf management, Plaintiffs John and Gail Sutton requested as an accommodation on behalf of their daughter and themselves that the district cease and desist from using those chemicals but the district refused.

17. Plaintiffs further requested that Defendants offer a 504 Service Agreement enabling their daughter to substitute ballet, swimming or dance at a private facility in lieu of gym on lawns treated with pesticide poisons. This request was made in July 2000 and Plaintiffs *withdrew their request by approximately August 2000*.. Plaintiffs John and Gail Sutton did not want to label their minor daughter disabled or stigmatize their daughter.

18. Plaintiff Danielle Sutton's education was *not* hindered for not having a 504 plan.  Furthermore, in high school classes can be made up in summer school or in subsequent years. A 504 for gym was *not* necessary.

19.The Defendants refused to accommodate Plaintiffs and, instead, proceeded to intensify their use of pesticide poisons. Defendants did this with full knowledge of the dangers long and short range of the use of these chemical poisons, particularly around children.,

20. There were at least 3 cases of cancer at the middle school among school employees at the Fugett Middle School located adjacent to the high school and across the street from the Hicks/Price farm.

21. Defendants refused to alert parents when the Hicks/Price farm across the street was spraying pesticides, and in spite of being warned that the farm was spraying toxic poisons, Defendants allowed children to practice sports outside while the spraying was taking place in spring 2001 and/or spring 2002. Defendants applied 2,4D to their fields and 2,4, D is an ingredient in Agent Orange and it is banned at the VA Medical Centers. They also used dicamba among other chemicals poisons in spring 2001/2002 and at other times.

22. A 504 Service Agreement is a voluntary agreement between all parties and the parents must agree to label their child disabled and parents must *agree* to sign a 504 service agreement otherwise there is no agreement.

23. In spite of the fact that a 504 Service Agreement is a completely *Voluntary* agreement, Defendants forced the Plaintiffs into a 504 Service agreement by way of a hearing even though Plaintiffs John and Gail Sutton objected to the plan as a violation of the civil rights of all three Plaintiffs herein. Plaintiffs John and Gail Sutton refused to label their child, Danielle Sutton, disabled and the adult Plaintiffs refused to sign the plan and did not want the plan.

24. Defendants forced a 504 service agreement on the Plaintiffs which

Plan a) *forced Plaintiffs, to allow the use of the potent Drug epinephrine to be administered without parental consent to Plaintiff Danielle Sutton and without the approval of the Plaintiffs' medical doctor* and b) *forced* Plaintiff Danielle Sutton to use weights in gym which was *medically* contra indicated for the Plaintiff with her back problems**.**

25. Defendants refused to allow Plaintiffs John and Gail Sutton to transfer their daughter Danielle Sutton to the other high school in the district which was not adjacent to the farm which used pesticides even though the forced 504 decision allowed for the transfer.

26. Defendants leaked personal/confidential information about Plaintiff Danielle Sutton to the school district's facilities manager and others in the school district.

27. Plaintiffs John and Gail Sutton exercised their civil rights and had previously not signed emergency cards for their daughter but Defendant Karen Smith wanted to force adult Plaintiffs to sign that card. The adult Plaintiffs did not sign the card which would have allowed the nurse to inject epinephrine and other drugs and/or treatment *without parental consent at the time of administering.* By law, a nurse is not allowed to diagnose or prescribe drugs.

28. Plaintiffs John and Gail Sutton informed the school that at least one of them was at home all day and the adult Plaintiffs were very accessible. However, the district wanted to proceed using frivolous toxic lawn pesticides or

interior pesticides and they wrongfully thought that being allowed to inject the minor Plaintiff with epinephrine would let them off the hook if the minor Plaintiff got pesticide poisoning.

29. Defendants are not experts on medical issues and are in the education business not the medical business and a nurse is not legally allowed to diagnose or prescribe drugs.

30. Defendants, without ever having examined Plaintiff Danielle Sutton, decided that it was appropriate for them to administer epinephrine. Defendants deliberately misread Plaintiff's medical report which described the minor Plaintiff as having migraine headaches , sinus problems and sensitivity to chemicals and, specifically, the minor Plaintiff got sick when exposed to pesticide poisons. The minor Plaintiff's medical doctor did *not* mention use of epinephrine for the minor Plaintiff and epinephrine is *not* a drug used to treat pesticide poisoning.

31. As a direct result of Defendants' actions, Plaintiffs withdrew the minor Plaintiff from the district and home schooled her. This caused the minor Plaintiff to be deprived of her high school experience, lose grades and prevented her from being admitted to a prestigious college. For example, the minor Plaintiff was not able to take certain classes like Latin, which the adult Plaintiffs were unable to teach. The adult Plaintiffs feared for the health and safety of their minor child, Plaintiff Danielle Sutton, never knowing when the school nurse might decide a cough or stuffy nose meant not being able to breathe and therefore she might inject epinephrine.The adult Plaintiffs decided that they

could not continue to have their minor child exposed to cancer causing and/or dangerous chemicals/pesticide poisons. Plaintiffs also feared for the possible medical effects of pesticide exposure in the future, specifically, that the minor Plaintiff's ability to learn was affected by the exposures to chemicals.

32. Based upon information and belief, the adult Plaintiffs allege that that the school district's use of pesticide poisons and neurotoxins was deliberate and harmful to the minor Plaintiff's ability to learn.
The minor Plaintiff also suffered from headaches, stomach aches, decreased ability to concentrate and skin disorders, dizziness, etc. , as a direct result of Defendants' actions.

33. As a direct result of Defendants actions, the minor Plaintiff was denied any grades and/or credits for 9th grade and denied the social interaction of the high school experience. The adult Plaintiffs were forced to be burdened with the responsibility of having to home school the minor Plaintiff and be responsible for her learning, including the extra cost of lessons and/or books. The minor Plaintiff  may not have the necessary credits to graduate high school on time and/or before age 19 or 20 because home schooling credits were not accepted.

34. The minor Plaintiff was also deprived her constitutional right to a free education and the right to attend an environmentally/healthy safe school and she had to repeat the grade and will have to enter the work force a year or more late thus losing at least a year's wages which has caused Plaintiffs continual

suffering.

35. Because of Defendants actions, the Plaintiffs suffered substantial emotional distress, embarrassment, mental anguish and humiliation which will continue on into the future.

36. Defendants used heart monitors on the bare chests of developing children in its 9th grade gym class, and also allowed for the taking of blood in school to test for cholesterol without the consent of a doctor or the supervision of a medical doctor which Plaintiffs opposed.

37. Defendants continued to hound and harass Plaintiffs even after Plaintiffs moved to Montgomery County, PA and finally, out of the state. Defendants continued to harass Plaintiffs with letters on into August 2002 that the minor Plaintiff would be truant, even though we had moved out of the state.

38. Defendants refused to transfer the minor Plaintiff's records to Montgomery County, PA school district in February through July and/or summer of 2002.

39. The court has previously stated that "parents have a substantial Constitutional right to direct and control the upbringing and development of their minor children." Jeffrey v. O'Donnell, 702 F.Supp 513, 515 (1988).

40. The Defendants wanted to force the adult Plaintiffs to sign the emergency card for their daughter. This action constituted abuse of process and violated Plaintiffs' civil rights.

41. Defendants refused to stop using dangerous pesticide poisons around minor Plaintiff's high school and/or all district schools through 2002 if not later. The forced 504 plan allowing for the transfer of the minor Plaintiff to the District's other high school was in effect through spring of 2002 but the Defendants refused to agree to a transfer of the minor Plaintiff to the other District high school.

42. In 2002 the Governor of PA imposed a mandate that schools must use the least toxic chemicals on lawns and inside schools. Unfortunately, this measure came after we left the area.

43. In New York where Plaintiffs reside, the Attorney General's report with a foreward from Dr. Phil Landrigan of Mount Sinai Medical Center, speaks to the dangers of Pesticides/herbicides/insecticides, hereinafter referred to as "Pesticides" in developing bodies of young children and he makes it clear that an EPA number does not mean a product is safe, only that it has been registered with the EPA and that children are particularly susceptible to harmful chemicals.

44. Defendants repeatedly cited EPA numbers as an excuse to use harmful chemicals.

45. The adult Plaintiffs' original complaint was filed on or about May 12, 2003. The Plaintiffs are filing an Amended Complaint to bring the cause of action against West Chester School District and the individual Defendants on behalf of their minor daughter, Danielle Sutton under the American with

Disabilities Act, Section 504 of the Rehabilitation Act, 42 U.S.C 1983 and 42 U.S.C 1985.

46. The Defendants use of a 504 hearing and the resulting 504 Service Agreement, albeit without the consent of the adult Plaintiffs, resulted in the minor Plaintiff being "regarded as" disabled thus bringing the minor Plaintiff within the protection of the American with Disabilities Act and the Rehabilitation Act of 1973.

## COUNT I
## ( PlaintiffsJohn Sutton and Gail Sutton  vs. all Defendants, Section 504 Service Agreement/ADA) Abuse of Process

47. Plaintiffs incorporate paragraphs 1 – 46 inclusive.

48. In this action all Defendants are being sued in their own capacity and individually and jointly.

49. A 504 Service Agreement is completely voluntary and cannot be forced. Defendants could not possibly suggest that the minor Plaintiff's schooling would be in any way hindered without this forced plan. Defendants abused the process when they forced a voluntary 504 which is not the purpose of the agreement/law. Defendants twisted the meaning of the 504 to suit themselves.

50. Defendants abused their power and authority when they violated Plaintiffs' civil rights and when they violated Section 504 by forcing medical care, by forcing a 504 and by forcing the use of weights which is contra

indicted for children with back problems/conditions.

51. Defendants created their own 504 to suit themselves and harm Plaintiffs and Plaintiff's minor child and to punish Plaintiffs for exercising their First Amendment Right to speak out and protest the use of toxic pesticide poisons/chemicals around children.

52. Defendants' actions were malicious, deliberate, abusive, punitive, intimidating, harassment and in bad faith.

53. Defendants deliberately and intentionally and willfully abused the process when they forced a voluntary 504 Service Agreement and when they forced Plaintiffs to label their daughter disabled.

54. Plaintiffs suffered harm and damages as previously described.

WHEREFORE, Plaintiffs request that this Honorable Court:

  a. enter judgment in their favor and against defendants for compensatory and other damages in excess of $250,000.00.
  b. direct defendants to reimburse them for costs, attorney's fees and
  c. other relief as this court deems appropriate.

### COUNT II
### (Plaintiffs John Sutton and Gail Sutton vs. all Defendants  Civil Rights/Foundamental Rights Deprivation)

55. Plaintiffs incorporate paragraphs 1 – 54 inclusive.

56. Defendants deprived adult Plaintiffs' civil rights and fundamental rights to raise their child when they *forced* a 504 Service Agreement upon the Plaintiffs knowing that such plan was entirely voluntary and could *not* be be forced and when Defendants attempted to *force* the uses of epinephrine

on their minor child without parental consent.The forced 504 plan was in effect through summer 2001 and/or spring 2002.

57. Defendants are being sued individually and in their own right and jointly.

58. Defendants' actions were punitive and designed to harass, retaliate, harm, intimidate and coerse and deliberately harm adult Plaintiffs and the minor Plaintiff and deny Plaintiffs their right to a free education for their child.

59. Defendants, in effect, forced the adult Plaintiffs to sign the emergency card which allowed Defendants free reign to medically treat their daughter without parental approval or consent and in so doing, deprived Plaintiffs of their Civil Rights and Fundamental Rights.

60. Plaintiffs suffered and continue to suffer damages as previously described.

WHEREFORE, Plaintiffs request this Honorable Court:
a) enter a judgment in favor of Plaintiffs in the amount of $250,000.00
b) direct defendants to reimburse them for costs and attorenys' fees
c) other relief as this court deems appropriate.

WHEREFORE, Plaintiffs demand that this Honorable Court enter judgment in its favor and against Defendants in the amount of $250,000.00 plus costs and attorneys' fees.

### COUNT III RETALIATION/HARASSMENT
### PLAINTIFFS JOHN SUTTON AND GAIL SUTTON VS. ALL DEFENDANTS

61. Plaintiffs incorporate paragraphs 1 through 60 inclusive.

62..All parties are being sued individually and jointly.

63.Defendants retaliated against Plaintiffs for their free exercise of First Amendment by intensifying the use of frivolous cosmetic lawn pesticides and interior pesticides for alleged pests and by forcing a voluntary 504 plan and forcing plaintiffs to label and stigmatize their minor child. Defendants continued to harass Plaintiffs and retaliate against Plaintiffs through summer of 2002.

64.Plaintiffs suffered and continue to suffer damages and harm as more particularly described above.

WHEREFORE, Plaintiffs demand judgment in Plaintiffs' favor in the sum of at least $250,000.00 plus costs, attorney's fees and any other relief this Court deems appropriate.

## COUNT IV
## PLAINTIFFS JOHN SUTTON AND GAIL SUTTON VS. ALL DEFENDANTS
### ABUSE OF POWER

65. Plaintiffs incorporate paragraphs 1 through 64 inclusive.

66.All defendants are being sued individually and jointly.

67.Defendants abused their power and were punitive when they forced a voluntary 504 Service Agreement and when they forced Plaintiffs' minor child to breathe and be exposed toxic chemicals. The forced 504 Agreement was in effect through summer 2001 and/or spring 2002.

68. Plaintiffs suffered and continue to suffer damages as above described.

WHEREFORE, Plaintiffs demand judgment be entered against Defendants in the amount of $250,000.00.

.

## COUNT V
### Plaintiffs JOHN SUTTON AND GAIL SUTTON vs ALL DENFENDANTS
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

69. Plaintiffs incorporate paragraphs 1 through 68 inclusive.

70. Defendants inflicted intentional emotion distress when it used dangerous pesticides and frivolous cosmetic pesticides and Plaintiffs feared for the health of their child which fear and suffering continues.

71. Defendants inflicted intentional emotional distress when it forced a 504 which could cause harm and when Plaintiffs were forced to withdraw their child from the school.

72. Defendants actions were punitive and Defendants are being sued individually and jointly.

WHEREFORE, Plaintiffs demand that this Honorable Court enter Judgment in its favor and against Defendants in the amount of $250,000.00 plus costs and attorneys' fees.

## COUNT VI
### PLAINTIFF DANIELLE SUTTON VS. WEST CHESTER SCHOOL DISTRICT

73. Plaintiff incorporates paragraphs 1 through 72 inclusive.

74. Defendant West Chester Area School District abused its power and

authority and thus violated the minor Plaintiff's Civil Rights.

75. Section 504 of the Rehabilitation Act was violated when the Defendants forced unauthorized medical care, forced a 504 agreement and forced the use of weights which was contra indicated for the minor Plaintiff in light of her back problems and conditions.

76. The defendant school district created its own 504 agreement to suit the school district and harm the minor plaintiff and as a means of punishing the Plaintiffs for protesting the use of pesticide poisons and chemicals around children.

77. Defendant school district's actions were malicious, deliberate, abusive, punitive, intimidating and harassment and in bad faith.

78. Defendant deliberately and intentionally and willfully abused the process when it forced a voluntary 504 Service Agreement and when it forced the adult Plaintiffs to label the minor Plaintiff disabled.

79. The minor Plaintiff suffered harm as previously described.

80. The defendant's actions were in violation of the American with Disabilities Act and Section 504 of the Rehabilitation Act.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a. enter judgment in her favor and against the defendant for compensatory and other damages in excess of $250,000.00
    b. direct defendant to reimburse her for costs, attorney's fees and
    c. other relief as this court deems appropriate.

## COUNT VII
## PLAINTIFF DANIELLE SUTTON VS. ALL DEFENDANTS
## CIVIL RIGHTS/FUNDAMENTAL RIGHS DEPRIVATION

81.   Plaintiff incorporates paragraphs 1 through 80 inclusive.

82.   Defendants deprived Plaintiff Danielle Sutton of her Civil Rights and Fundamental Rights when they forced a 504 Service Agreement upon the minor Plaintiff Danielle Sutton knowing that such plan was entirely voluntary and could not be forced.

83.   And when the Defendants attempted to force the use of epinephrine on the minor Plaintiff without parental consent, they violated the minor Plaintiff's rights under the American with Disabilities Act, the Rehabilitation Act and 42 U.S.C. Section 1983. The Defendants' actions took place through the spring of 2002.

84.   Defendants are being sued individually and in their own right and jointly.

85.   Defendants' actions were punitive and designed to harass, retaliate, harm, intimidate, coherse and deliberately harm the minor Plaintiff and deny the minor Plaintiff her right to a free education.

86.   The Defendants, in effect, forced the adult Plaintiffs John and Gail Sutton to sign the emergency card which allowed the Defendants free reign to medically treat the minor Plaintiff without parental approval or consent and in so doing, deprived Plaintiff Danielle Sutton of her Civil Rights and Fundamental Rights.

87. The minor Plaintiff suffered and continues to suffer damages as previously described.

WHEREFORE, Plaintiff requests that this Honorable Court:
a) enter a judgment in her favor in the amount of $250,000.00.
b) direct Defendants to reimburse her for costs and attorney's fees;
c) other relief as this court deems appropriate.

## COUNT VIII
## PLAINTIFF DANIELLE SUTTON VS. ALL DEFENDANTS
## RETALIATION/ HARASSMENT

88. Plaintiff Danielle Sutton incorporates paragraphs 1 through 87 inclusive.

89. All parties are being sued individually and jointly.

90. Defendants retaliated against Plaintiff Danielle Sutton for her free exercise and her parents, the adult Plaintiffs' free exercise of their First Amendment Rights, by intensifying the use of frivolous cosmetic lawn pesticides and interior pesticides for alleged pests.

91. The Defendants retaliated and harassed the minor Plaintiff by forcing a voluntary 504 Plan on the minor Plaintiff and by forcing the minor Plaintiff's parents to label and stigmatize their child.

92. The Defendants continued to harass and retaliate against the minor Plaintiff through the summer of 2002.

93. Plaintiff Danielle Sutton suffered and continues to suffer damages and harm as more particularly described above.

WHEREFORE, Plaintiff demands judgment in her favor in the sum of at least $250,000.00, plus costs, attorney's fees and any other relief this

Court deems appropriate.

## COUNT IX
## PLAINTIFF DANIELLE SUTTON VS. ALL DEFENDANTS
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

94. Plaintiff incorporates paragraphs 1 through 93 inclusive.

95. All Defendants are being sued individually and jointly.

96. Defendants and all of them, conspired to violate the minor Plaintiff's Civil Rights by taking the following actions: (a) by forcing a voluntary 504 Agreement on the minor Plaintiff without her parents' consent; (b) by refusing to transfer minor Plaintiff to another school in the district which would be pesticide free in violation of the decision of the 504 hearing; c) by attempting to use epinephrine on the minor child against the advice of her physician and her parents; and (d) by attempting to force the use of weights.

97. The actions of the Defendants as described above, deprived the minor Plaintiff from a free and public education.

98. The Defendants and all of them, conspired to violate the minor Plaintiff's Civil Rights in violation of 42 U.S.C. Section 1985.

99. As a direct result of this conspiracy to violate her civil rights, Plaintiff Danielle Sutton has suffered and continues to suffer the damages as described above.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in her favor and against Defendants in the amount of $250,000.00 plus costs,

attorney's fees and any other relief deemed appropriate by this Court.

                        _____
                        JOSEPH D. DINOTO, ESQUIRE
                        PA Attorney ID# 29560
                        115 Mansfield Blvd., South
                        Cherry Hill, NJ  08034
                        856 428-4475
                        Attorney for Plaintiffs
                          John, Gail and Danielle Sutton

DATED:

## JURY TRIAL DEMAND

Trial by Jury is demanded on all issues raised herein.

                        _____

DATED:                JOSEPH D. DINOTO, ESQUIRE
                         PA ATTORNEY ID# 29560
                         Attorney for Plaintiffs